132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Meyri V. OROZCO-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70024.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SNEED, LEABY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Meyri V. Orozco-Lopez, a native and citizen of Guatemala, petitions pro se for review from the Board of Immigration Appeals' ('BIA") dismissal of her appeal from the immigration judge's denial of her applications for asylum and withholding of deporta:ion under § 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We conclude that substantial evidence supports the BIA's adverse credibility finding. See de Leon-Barrios v. INS, 116 F.3d 391, 393-94 (9th Cir.1997). For example, on her asylum application, Orozco-Lopez stated that she was an active member of a student organization and gave public speeches in its behalf. Orozco-Lopez premised her asylum and withholding claims primarily on her involvement in this organization and her arrest and brief detention by the military after participating in a demonstration in January 1994. However, when questioned about the organization's purpose, her role in it, and why she was demonstrating on the day of her arrest, Orozco-Lopez was unable to provide specific answers to these questions.
 
 
 4
 The discrepant and vague aspects of Orozco-Lopez's testimony go to the very core of her persecution claim. See id. Because Orozco-Lopez failed to provide credible evidence of past persecution or a well-founded fear of future persecution, she failed to establish eligibility for asylum. See id. at 393.
 
 
 5
 Even if Orozco-Lopez had established her credibility, substantial evidence supports the BIA's determination that Orozco-Lopez failed to establish her eligibility for asylum. See Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). Although Orozco-Lopez's testimony may have established that she has a subjective fear of persecution if returned to Guatemala, she adduced no evidence to support ar objectively reasonable well-founded fear of persecution Seee Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam).
 
 
 6
 Accordingly, we conclude that no reasonable factfinder would be compelled to conclude that Orozco-Lopez possessed a well-founded fear of persecution. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). Because the standard for withholding of deportation is higher than the standard for asylum, the BIA properly denied withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 9th Cir.1993).
 
 
 7
 Finally, we reject Orozco-Lopez's contention that the BIA erred because it failed to provide an adequate statement of reasons for denying her applications for asylum and withholding of deportation. In its decision, the BIA stated that it reviewed the record, the IJ's decision, and Orozco-Lopez's contentions on appeal. Accordingly, the BIA clearly gave individualized consideration to Orozco-Lopez's case and provided an adequate statement of reasons for its decision. See Ghaly v. INS, 58 F.3d 1425, 1130-31 (9th Cir.1995).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. F.R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, sanction 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a